IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET E. BARRETT, ) | |
| ) | |
| Plaintiff, ) | 2:17-cv-00919 |
| ) | District Judge Nora Barry Fischer |
| vs. ) | |
| ) | |
| ARAMARK CAMPUS, LCC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This civil action arises from Plaintiff Janet E. Barrett's allegations that her former employer, Defendant Aramark Campus, LLC, terminated her because of her age in violation the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.* Presently pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and Brief in Support. (Docket Nos. 8, 9). Plaintiff filed a Response/Brief in Opposition to the Motion on September 23, 2017. (Docket No. 12). Accordingly, the Motion is fully briefed and is ripe for disposition. For the reasons that follow, the Motion will be denied.

Defendant's primary argument – that Plaintiff released her claims in the Complaint by executing a prior agreement with Defendant – is not appropriately raised at the pleading stage, under the circumstances. "In deciding a Rule 12(b)(6) motion to dismiss, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as authentic documents if the complaint's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also In Re Asbestos Prod. Liab. Litig. (No. VI)*, 822 F.3d 125, 133-34 (3d Cir. 2016) (reliance on facts alleged outside of a complaint at the 12(b)(6) stage constitutes procedural error). Here, Defendant's entire argument is based on extrinsic e-mails and an unsigned settlement agreement that it attached to its Motion. The Complaint contains no

1

reference to these documents, and Plaintiff denies executing the agreement in her Response/Brief in Opposition to the Motion. (Docket No. 12 at 2). Therefore, the Court must reject this argument at this stage of the proceedings. *See PPG Indus., Inc. v. Generon IGS, Inc.*, 760 F.Supp.2d 520, 526 (W.D. Pa. 2011) ("Given the pleading stage of this case, and the undeveloped record upon which this motion has been brought, the Court finds that an issue of fact exists as to whether there has been a release of claims. A release of claims affirmative defense may well be established . . ., but will require a factual record beyond the pleadings.").

Defendant's alternative argument that the Complaint fails to state a plausible claim for age discrimination under the ADEA and PHRA fares no better. "The elements of a *prima facie* case of age discrimination are that: (1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015); *see also Fasold v. Justice*, 409 F.3d 178, 184 n. 8 (3d Cir. 2005) (claims of intentional age discrimination arising under the ADEA and PHRA are governed by the same decisional law). Where, as here, the complaint does not allege that the plaintiff was directly replaced by a younger employee, "the fourth element is satisfied if the plaintiff can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Willis,* 808 F.3d at 644 (citation omitted).

Importantly, "[a] *prima facie* case is 'an evidentiary standard, not a pleading requirement,' and hence is 'not a proper measure of whether a complaint fails to state a claim.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citations omitted). Rather, "the pleading

standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the' the necessary elements" of the claim. *Id.* (internal marks and citations omitted).

In this case, the Complaint avers that Plaintiff, who was born in 1939, worked in the cafeteria at the Penn-Trafford School District for 41 years without ever receiving discipline prior to the events giving rise to these claims. (Docket No. 1 at ¶¶ 7-11, 19). Plaintiff became an employee of Defendant in 2011 when it was awarded the contract to manage the school district's food services. (*Id.* at ¶¶ 10-11). In or around 2016, Plaintiff had to take a brief leave from work due to an illness, and when she returned to work in September 2016, her station was gone. (*Id.* at ¶¶ 12-13). Also in September 2016, Defendant implemented a new computer system for ordering products. (*Id.* at ¶ 22). Plaintiff repeatedly requested that Defendant provide her training on the new system, as well as assistance from her coworkers, but Defendant ignored all of Plaintiff's requests. (*Id.* at ¶¶ 20-21, 23-24, 27-29). Defendant reprimanded Plaintiff the day after she returned from her leave, issued Plaintiff a first written warning about two weeks later, issued Plaintiff a final warning a few weeks thereafter, and then terminated her on January 3, 2017 for, *inter alia*, performance issues relating to errors she made while using the new system. (*Id.* at ¶¶ 14-18, 25-27, 30-31). When accepting these allegations as true and drawing all reasonable inferences in a light most favorable to Plaintiff, the Court concludes that the Complaint alleges "sufficient facts to raise a reasonable expectation that discovery will uncover proof of her [ADEA and PHRA] claims." *See Connelly*, 809 F.3d at 789; *see also Haynos v. Siemens Water Tech. Corp.*, 2012 WL 5834374, *1 (W.D. Pa. 2012) (Fischer, J.) (denying a motion to dismiss when the plaintiff pled, *inter alia*, that the defendant repeatedly denied his requests for computer training over a long period of time and ultimately terminated him based on his lack of training).

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. [8]) is DENIED, without prejudice, to raising such issues at summary judgment and/or trial; and,

IT IS FURTHER ORDERED that Defendant shall file an Answer to the Complaint by **October 11, 2017**.

/s/ *Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: September 27, 2017.
cc/ecf: All counsel of record.